# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| HOMAYOUN BAZARGAN,<br>    Plaintiff,<br><br>        v.<br><br>COUNTY OF LOS ANGELES,<br>et al.,<br>       Defendants. | No. CV 19-6169 DSF (FFMx)<br><br>ORDER DENYING APPLICATION FOR APPOINTMENT OF COUNSEL (Dkt. 13) |

      Plaintiff's Complaint for employment discrimination was filed on July 17, 2019. His Application for Appointment of Counsel was filed on August 16. Generally, there is no right to counsel in civil actions. Palmer v. Valdez, 560 F.3d 965, 970 (9th Cir. 2009). However, pursuant to 28 U.S.C. § 1915(e)(1), this Court has discretion to request volunteer counsel for indigent parties. Solis v. County of Los Angeles, 514 F.3d 946, 958 (9th Cir. 2008).

      A *pro se* litigant is entitled to appointment of counsel only in "exceptional circumstances." Agyeman v. Corr. Corp. of America, 390 F.3d 1101, 1103 (9th Cir. 2004). A finding of exceptional circumstances "requires at least an evaluation of the likelihood of the [litigant's] success on the merits and an evaluation of the [litigant's] ability to articulate his claims in light of the complexity

of the legal issues involved." Id. (internal citations and quotations omitted).

The Court DENIES the application without prejudice. It is premature for the Court to evaluate the likely merits of Plaintiff's claims and Plaintiff's predicted complexities may never occur. Plaintiff may renew his motion at a later time when the record in the case is more developed.

IT IS SO ORDERED.

Date: August 27, 2019

　　　　　　　　　　　　　　　　／s／ Dale S. Fischer
　　　　　　　　　　　　　　　　Dale S. Fischer
　　　　　　　　　　　　　　　　United States District Judge